**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**JENNY EVANCE**                                                              **PLAINTIFF**

**V.**                                      **3:11CV00025**

**TRUMANN HEALTH SERVICES, LLC
fictitiously known as TRUMANN HEALTH
AND REHABILITATION CENTER;
BETTY BEGLEY; GLADIS CORTINAS;
JACKIE KELLY and JACKY HOLT**                             **DEFENDANTS**

**ORDER**

Pending is the Defendants' motion for summary judgment. (Docket # 38). Plaintiff has filed a response and Defendants have filed a reply.

Plaintiff, Jenny Evance, a former employee of Trumann Health Services, LLC ("Trumann Health") filed her Complaint on January 31, 2011. Plaintiff filed an Amended Complaint on March 4, 2011 alleging that her termination from employment on August 13, 2010 constituted discrimination based on her religion, disability, and sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Arkansas Civil Rights Act, Ark. Code Ann. §16-123-101 et seq. ("ACRA"). Plaintiff also asserts claims against Trumann Health for a hostile work environment; violation of due process under the Fifth and Fourteenth Amendments of the United States Constitution; and violation of 42 U.S.C. § 1983.[1] Plaintiff claims that the actions of the Individual Defendants, Begley, Cortinas, Kelly and Holt constituted

---

[1]Plaintiff concedes that Trumann Health is not a state actor and that her constitutional claims should be dismissed.

defamation.  Defendants argue that summary judgment is proper.[2]

Facts

Plaintiff began working for Trumann Health as a Licensed Practical Nurse (LPN) Charge Nurse on July 30, 2008.  Plaintiff is Pentecostal and was born with a cleft palate.[3]

Before being hired, Plaintiff was interviewed by Director of Nursing Dayna Shrout ("Shrout") and Assistant Director of Nursing Kristen Wilson.  Shrout hired Plaintiff. Separate Defendant McMickle is the administrator of Trumann Health and Separate Defendants Begley, Cortinas, Kelly and Holt are employees of Trumann Health.  At the time Plaintiff was hired, Plaintiff received permission to wear scrub skirts instead of pants to work based upon her religious beliefs.

Plaintiff claims that on July 23, 2010, an 80 year old male resident with dementia made improper sexual physical contact with her[4].  Sometime in the early morning of July 23, 2010, Kelly witnessed Plaintiff wheeling the resident back to his room.  Plaintiff testified that she was going to the resident's room to help him charge his electric razor and borrow fingernail clippers. Plaintiff pulled the curtain in the resident's doorway upon entering the room.  Plaintiff stated that while she was in the resident's room, he grabbed her breast and tried to put his hand in her shirt.

---

[2]The Court previously found that Plaintiff failed to present facts to support a claim for conspiracy. (DE#31).  In her responsive pleading, Plaintiff does not argue that her conspiracy claim survives.  The Court finds that any such claim failed to survive the Court's Order granting in part Defendants' motion to dismiss.

[3]For purposes of summary judgment, Defendants assume that the Plaintiff can establish that she has a disability or was perceived as having a disability.  The Court will do the same.

[4]In order to protect the privacy of this individual, the Court will refer to him as "the resident."

The resident then took Plaintiff's hand and placed it on his crotch. Plaintiff removed her hand, looked at her watch and left the room.

While Plaintiff was in the resident's room, Begley and Cortinas went outside the facility to take out the laundry and garbage. While they were outside, they looked through the resident's window and observed Plaintiff and the resident. Begley and Cortinas observed the resident grab Plaintiff's breast and attempt to put his hand in her shirt and up her skirt. Begley and Cortinas both observed Plaintiff looking at her watch. Begley observed "what looked like" Plaintiff's hand on the resident's crotch. Begley and Cortinas reported what they saw through the resident's window to Kelly. Plaintiff states that Begley and Cortinas could not have seen what they allege to have seen because the blinds were closed in the resident's room. Further, Plaintiff complains that Begley and Cortinas saw two different things and Cortinas' statement was written by Shrout.

Pursuant to Trumann Health policy and Arkansas law, a Trumann Health employee is required to report suspected abuse and neglect. As a charge nurse, Kelly was required to report any allegations of abuse and neglect. Kelly reported what Begley and Cortinas told her to Shrout. After being informed of the incident, Shrout was legally required to report the allegations to Administrator McMickle and the Office of Long-Term Care ("OLTC"). An internal investigation was conducted in order to complete the paperwork to the OLTC, and statements were taken from the Plaintiff, Kelly, Begley, Cortinas, LPN Traci Pierce, and Holt. Plaintiff alleges that Begley, Cortinas, Kelly and Holt gave false affidavits, stating that plaintiff initiated the sexual contact with the male resident.

Plaintiff was suspended during the internal investigation from July 23, 2010 to August 13, 2010. McMickle conferred with Shrout regarding the incident involving the Plaintiff.

Defendants contend that Shrout agreed with McMickle that Plaintiff should be terminated based on the witness statements of Begley and Cortinas and the fact that patient safety is the number one priority at Trumann Health.  On August 13, 2010, McMickle told Plaintiff that he was terminating her employment based on the witness statements from Begley and Cortinas.  Plaintiff contends that the witness statements were not credible as evidenced by the fact that no charges were brought by the Trumann Police Department or the Arkansas State Police and the OLTC determined that the allegations were unfounded.  Plaintiff was terminated prior to the completion of these investigations.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

The Eighth Circuit Court of Appeals has recently clarified: "[t]here is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester,* 643 F.3d 1031, 1043 (8th Cir. 2011).

## Discussion

The McDonnell Douglas burden-shifting framework governs plaintiff's religion, sex and disability claims. *Davis v. KARK-TV, Inc.*, 421 F.3d 699 (8th Cir.2005) (Title VII disparate treatment claims and ACRA claims analyzed in the same manner); *Dovenmuehler v. St. Cloud Hosp.*, 509 F.3d 435, 439 n. 4 (8th Cir.2007)(ADA claims are subject to the same analysis as Title VII claims). Plaintiff argues that her termination alone establishes direct evidence of discrimination. Direct evidence of discrimination is "evidence showing a specific link between

the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *McCullough v. Univ. of Ark. for Med. Scis*, 559 F.3d 855, 860 (8th Cir. 2009)(quoting *Russell v. City of Kansas City*, 414 F.3d 868, 866 (8th Cir. 2007)).  The fact that Plaintiff was terminated does not show a discriminatory bias.  Plaintiff presents no evidence which provides a specific link between her religion, sex or alleged disability and her termination sufficient to support a finding by a reasonable fact finder that discrimination actually motivated the Defendants' employment decision.

Because Plaintiff presents no direct evidence of discrimination, the Court will apply the analytical framework set forth in *McDonnell Douglas.*  Under this framework, the plaintiff has the initial burden of establishing a prima facie case of discrimination. *McGinnis v. Union Pacific R.R. Co.*, 496 F.3d 868, 873 (8th Cir. 2007).  The plaintiff's successful establishment of a *prima facie* case creates a presumption of unlawful discrimination and shifts the burden to the defendant, who must then articulate a legitimate, nondiscriminatory reason for its actions. *Id.* Finally, if the defendant proffers such a reason, the plaintiff must then show that the defendant's proffered reason is merely a pretext for discrimination. *Id.*

To meet her burden of showing a prima facie case of discriminatory termination based on religion, sex or disability, Plaintiff must show (1) she was a member of a protected class, (2) she was qualified to perform her job, (3) she suffered an adverse employment action, and (4) she was treated differently than similarly situated individuals or there is some other evidence that would give rise to an inference of gender discrimination.  *Holland v. Sam's Club,* 487 F.3d 641, 644 (8th Cir. 2007); *Turner v. Gonzales,* 421 F.3d 688, 694 (8th Cir. 2005).

Defendants contend that Plaintiff was terminated based on the witness statements of Cortinas and Begley accusing Plaintiff of improper sexual conduct toward a male resident. The Court finds that the Defendants' stated reason for Plaintiff's termination sets forth a legitimate business reason for Defendant's employment decision. Because the Defendants have proffered a legitimate, nondiscriminatory reason for the adverse employment action taken against Plaintiff and Plaintiff has presented "whatever evidence she had to show that the proffered reason was a pretext for discrimination," this Court will focus on the pretext stage of the *McDonnell Douglas* burden-shifting framework. *See Rodgers v. U.S. Bank, N.A.*, 417 F.3d 845, 856 (8th Cir. 2005) (Colloton, J., concurring) *abrogated on other grounds* by *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir.2011) (en banc).

"A plaintiff may show pretext, among other ways, by showing that an employer (1) failed to follow its own policies, (2) treated similarly-situated employees in a disparate manner, or (3) shifted its explanation of the employment decision." *Lake v. Yellow Transp., Inc.*, 596 F.3d 871,874(8th Cir. 2010). This Court is not permitted to second-guess an employer's personnel decision or to correct an unwise decision if the employer gives an honest, nondiscriminatory explanation for its decision. *Gill v. Reorganized Sch. Dist R-6*, 32 F.3d 376, 379 (8th Cir. 1994) *abrogated on other grounds* by *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir.2011) (en banc). Even if the decision makers were wrong in their conclusions, there is still no basis for recovery for discrimination. *Scroggins v. Univ. of Minn*, 221 F.3d 1042, 1045 (8th Cir. 2000) (the relevant inquiry is whether the defendant believed the plaintiff was guilty of the conduct justifying the discharge, not whether he was actually guilty). *See also McCullough v. Univ. of Ark. for Med. Scis*, 559 F.3d at 862 ("A plaintiff seeking to survive an employer's motion for

summary judgment must therefore show a genuine issue for trial about whether the employer acted based on an intent to discriminate rather than on a good-faith belief that the employee committed misconduct justifying termination.").

Plaintiff disputes the version of events presented by Begley and Cortinas and complains that she believes that the Defendants treated her differently because of her religion, sex and disability. Plaintiff has not identified a similarly situated employee who was accused of committing patient sexual abuse who was not discharged. In fact, Plaintiff admits that she is not aware of any other employee who has been accused of violating the Abuse, Neglect, and Misappropriation of Resident's Property Policy. Plaintiff's general allegations that "everyone not Pentecostal" and "everyone who did not suffer a health problem(disability)" were treated better, is insufficient to survive summary judgment. Further, Holt and Kelly, identified by Plaintiff as appropriate comparators, are not similarly situated as neither has been accused of committing patient abuse or neglect or improper sexual conduct with a resident. *See, Wheeler v. Aventis Pharm.*, 360 F.3d 853, 858(8th Cir. 2004)(noting the burden for establishing a "similarly situated" employee at the pretext stage is rigorous; plaintiff must prove that employees were similarly situated in all relevant respects), *abrogated on other grounds by Torgerson,* 643 F.3d at 1043.

Plaintiff has not presented any evidence beyond her own subjective belief that the Defendants' decision to terminate her employment was based on discriminatory animus. *See, Davenport v. Riverview Gardens Sch. Dist.*, 30 F.3d 940, 945 (8th Cir. 1994)(affirming summary judgment on race discrimination claims where "plaintiff presented no such evidence other than his own unsubstantiated allegations in deposition[,]" and concluding that "[i]n light of plaintiff's

failure to adduce any independent evidence to substantiate his disparate treatment claim, we agree with the district court that there is no genuine issue of fact on the issue of pretext . . . .")(internal citation omitted).  See also, *Bearden v. Int'l Paper Co.*, 529 F.3d 828, 832 (8th Cir. 2008)("Plaintiff must offer more than speculation, conjecture, or fantasy in support of claims at summary judgment stage")(citation omitted).

In order to establish a prima facie case for a hostile work environment, Plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was because of her membership in the protected class; and (4) the harassment affected a term, condition, or privilege of her employment. *Anderson v. Durham D & M, L .L.C.*, 606 F.3d 513, 518 (8th Cir.2010).  "Hostile work environment harassment occurs when 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Singletary v. Missouri Department of Corrections*, 423 F.3d 886, 892 (8th Cir.2005) (quoting *Tademe v. Saint Cloud State University*, 328 F.3d 982, 991 (8th Cir.2003)). "The environment must be both objectively hostile as perceived by a reasonable person and subjectively abusive as actually viewed by [the plaintiff]." *Anderson*, 606 F.3d at 518 (citing *Bowen v. Missouri Department of Social Services*, 311 F.3d 878, 883 (8th Cir.2002)). In considering the objective component, courts examine the totality of the circumstances, "including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance." *Singletary*, 423 F.3d at 893 (citations omitted).  Plaintiff's allegations of feeling ostracized and not being a part of the "clique" are

insufficient to establish a hostile work environment.

As to Plaintiff's claim of defamation, Ark. Code Ann. §12-12-1708 requires Trumann Health and Rehab and its personnel to report adult or long-term care facility resident maltreatment when an individual has observed or has reasonable cause to suspect that a person has been subjected to maltreatment. Further, Ark. Code Ann. §12-12-1713 provides:

> (a) Any person, official, or institution acting in good faith in the making of a report, the taking of a photograph, or the removal of a maltreated person under this subchapter shall have immunity from liability and suit for damages, civil or criminal, that otherwise might result by reason of those actions.
>
> (b) The good faith of any person required to report a case of adult maltreatment or long-term care facility resident maltreatment shall be presumed

Plaintiff offers no evidence to suggest that the Defendants' reports were not made in good faith. Accordingly, the Court finds the Defendants are immune from liability and from suit based on the reports of suspected abuse.

Wherefore, Defendants' motion for summary judgment, docket # 38 is GRANTED.

IT IS SO ORDERED this 18th day of June, 2012.

_____
James M. Moody
United States District Judge